Vladimiros Nikolaidis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1979, before Judges ROGERS, DISALLE and MACPHAIL, sitting as a panel of three.

*Vladimiros Nikolaidis,* petitioner, for himself.

*Michael D. Klein,* Assistant Attorney General, with him *J. Justin Blewitt,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 9, 1979:

Vladimiros Nikolaidis, who has been a resident of New York since about December 1, 1975, has pursued his applications for unemployment compensation with the Pennsylvania authorities and his appeals from determinations thereon without the help of legal counsel. The matter now before this Court is his appeal from a decision of the Unemployment Compensation Board of Review affirming a referee's decision that he is ineligible for benefits under the Extended Benefits Program described in Article IV-A of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §§811 through 818.

The claimant was employed in Pennsylvania from February 8, 1973 until August 23, 1975 when he left his work in circumstances which rendered him ineligible for unemployment compensation; that is, he quit to visit for awhile in his native Greece. He returned from Greece sometime before December 1, 1975 and went to New York City and obtained a full-time job there on or about December 1, 1975. On December 22, 1975 he was injured in an accident not connected with his employ-

ment and was unable to work from that time until June 1, 1976, when he went back to only part-time work with the same employer for whom he worked in December 1975. It is not clear how long this employment lasted.

On January 11, 1976, while he was disabled, the claimant applied for Pennsylvania unemployment compensation benefits. The Bureau of Employment Security provided him a writing titled "Notice of Financial Determination" on which was recorded that by reason of his employment in Pennsylvania from February 1973 until August 1975 he was eligible for Pennsylvania benefits; that his benefit year would end January 8, 1977; and that he might receive a total of $2610 in unemployment compensation at the rate of $87.00 per week. This form bore on the top just beneath its title the following inscription: "This determination does not entitle the claimant to benefits—benefits are paid only for valid weekly claims." The Bureau declared the claimant to be ineligible for weekly benefits from January 11, 1976 and until January 31, 1976 because by reason of his disability he was unavailable for suitable work as required by Section 401(d) of the Act, 43 P.S. §801(d). The Bureau determined that he continued to be ineligible from January 31, 1976 until July 17, 1976 because, as it will be remembered, his employment in Pennsylvania was terminated under disqualifying conditions and it was not until the latter date that he earned remuneration for services in an amount equal to or in excess of six times his weekly benefit rate as required in such case by Section 401(f) of the Act, 43 P.S. §801(f). The Interstate Notice of Determination sent to the claimant with respect to his ineligibility for this reason refers to claims for weeks "1-31-76 thru 5-29-76." The form also advises readers in a prominent place that the determination applies to all claims listed and "will apply to all future claims if the facts do not change."

As we said at the outset, the appeal here is from the denial of extended benefits. The Pennsylvania compensation authorities decided that Mr. Nikolaidis was ineligible for extended benefits because he was not an "exhaustee" defined by Section 401-A(j), 43 P.S. §811-(j), as one who, *inter alia*, has received all of the regular benefits that were available to him under the Pennsylvania Act or any other State law. It was the position of the Pennsylvania authorities, including the Board of Review, that the claimant whose last employment was in New York cannot be an "exhaustee" until he applies for and is denied New York benefits. Mr. Nikolaidis has always adamantly refused to apply for New York benefits. Of course, it cannot be determined whether he had benefits available in New York until he has applied for benefits there; hence, he was not an "exhaustee" entitled to extended benefits from Pennsylvania. The record here is silent on when and under what circumstances the claimant became unemployed in New York; we only know from a statement signed by the claimant that he claimed that he was unemployed in June 1977. We note that another condition to eligibility for extended benefits is entitlement to regular benefits, which in the claimant's case would mean a qualifying separation from New York employment.

The claimant ascribes his refusal to apply for New York benefits to the assertedly wrongful denial by Pennsylvania of Pennsylvania benefits. He persists in two misconceptions in this regard. The first is that the determination that he was entitled to a total amount of $2610 during his benefit year meant that Pennsylvania was required to pay him that amount of money and that it failed to do so having begun to pay compensation only on July 17, 1976 and having stopped them at the end of his benefit year on January 8, 1977. Not only does Section 404(c)(1) of the Act, 43

P.S. §804(c)(1) provide that regular benefits shall cease at the end of the claimant's benefit year regardless of what total amount has been paid by weekly benefit payments, but the Notice of Financial Determination sent to the claimant clearly told him that benefits would be paid only upon valid weekly claims. Second, Mr. Nikolaidis says that he will not apply for New York benefits because of an asserted discrepancy between the date of the last claim week, May 29, 1976, appearing on the Interstate Notice of Determination sent him and the date July 17, 1976 when he began receiving regular benefits. He chooses to ignore the form's advice that its determination applies to weeks subsequent to the claim weeks noted on the form until there is a change of circumstance. Mr. Nikolaidis did not go back to work after his accident until June 1, 1976 and then he worked only part time. He simply did not earn six times his benefit rate by May 29, 1976 or at any time before July 17, 1976 as he was required to do to be eligible for any benefits.

Order affirmed.

### ORDER

AND Now, this 9th day of March, 1979, the Board of Review's decision and order made October 31, 1977 is affirmed.